OPINION
Plaintiffs-appellants, Blane (individually, "plaintiff") and Sandra Matheney, appeal from a judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendants-appellees, State Automobile Mutual Insurance Company ("State Auto"), St. Paul Fire 
Marine Insurance Company ("SPFM"), and Toni Cunningham.
On February 25, 1997, Christopher and Jeffery Clark and Robert L. Van Horn met at Brew-Stirs, a tavern, to play pool and have a few drinks. The same night, plaintiff met Scott Anshutz at Brew-Stirs. At some point during the evening an altercation occurred between the two groups, resulting in Jeffrey Clark being kicked out of the bar. Van Horn left with Jeffrey, and Christopher followed soon after.
Subsequently, a fight between the two groups occurred in the parking lot outside Brew-Stirs. The participants supplied differing versions of how the fight occurred. Under one version, plaintiff attacked the Clark brothers, and Van Horn came to their defense by striking Matheney in the head with a baseball bat. Under the other version, Van Horn went to the car after leaving the bar. A fight erupted between the Clark brothers and plaintiff. During the course of the exchange, one of the Clark brothers kicked plaintiff in the head. Under either scenario, plaintiff suffered severe injuries.
Cunningham leases the premises at issue to JOMI, Inc., dba Brew-Stirs. Under the terms of the lease, Cunningham was responsible for maintenance of the common areas, including the parking lot.
On February 3, 1998, plaintiff and his wife Sandra, filed a complaint against Van Horn, Jeffrey Clark, Christopher Clark, JOMI, Inc., dba Brew-Stirs, the Ohio Laborers' District Council — Ohio Contractors' Association Insurance Fund and John Does #1-20. Plaintiffs asserted negligent and/or intentional conduct, loss of spousal consortium and premises liability.
Subsequent amended pleadings brought defendants into the litigation and alleged:
 (1) Cunningham negligently failed to provide adequate security in the parking lot of Brew-Stirs.
 (2) Van Horn and the Clarks, insured by SPFM and State Auto, respectively, "individually, and/or in concert with each other, intentionally and/or negligently struck, participated in the striking, failed to prevent the striking, failed to protect or rescue from the striking, failed to control the conduct of the striking, encouraged or assisted in the striking, aided and abetted in the striking of Plaintiff, Blane Matheney, with a blunt object, including an aluminum baseball bat and/or the hands, fists, or feet of one or more of the defendants." (Emphasis added.) (Third Amended Complaint.)
Cunningham, State Auto, and SPFM ultimately responded with separate summary judgment motions, which the trial court granted. After dismissing without prejudice the remaining entities named in their complaint, plaintiffs appeal, assigning the following errors:
 I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT ON THE ISSUE OF LIABILITY IN FAVOR OF DEFENDANT-APPELLEE, TONI CUNNINGHAM.
 II. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT-APPELLEE, ST. PAUL FIRE MARINE INSURANCE COMPANY.
 III. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT-APPELLEE, STATE AUTOMOBILE MUTUAL INSURANCE COMPANY.
When confronted with a motion for summary judgment, in accordance with Civ.R. 56 a court must construe the evidence most strongly in favor of the non-moving party; summary judgment should be granted only if no genuine issue of fact exists, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion, which is adverse to the non-moving party. Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64. A motion for summary judgment first forces the moving party to inform the court of the basis of the motion and to identify portions in the record which demonstrate the absence of a genuine issue of material fact. Dresher v. Burt (1996),75 Ohio St.3d 280, 296. If the moving party makes that showing, the non-moving party then must produce evidence on any issue for which the party bears the burden of production at trial. Wing v. Anchor Media, Ltd.of Texas (1991), 59 Ohio St.3d 108, paragraph three of the syllabus (Celotex v. Catrett [1986], 477 U.S. 317, approved and followed).
Plaintiffs' first assignment of error contends the trial court erred in granting Cunningham's motion for summary judgment. Specifically, plaintiffs contend Cunningham owed a duty to plaintiff to provide parking lot security.
The existence of a duty depends on the foreseeability of an act.Menifee v. Ohio Welding Products, Inc. (1984), 15 Ohio St.3d 75, 77. "The test for foreseeability is whether a reasonably prudent person would have anticipated that an injury was likely to result from the performance or nonperformance of an act." Id. at 77. If the attacks in the parking lot were not foreseeable, then Cunningham cannot be liable in negligence for them. See Federal Steel Wire Corp. v. Ruhlin Construction Company
(1989), 45 Ohio St.3d 171; Maier v. Serv-All Maintenance, Inc. (1997),124 Ohio App.3d 215, 223.
Plaintiffs point to four factors in an attempt to demonstrate that the attack was foreseeable. Initially, plaintiffs provided copies of forty "incident reports" that had been filed with the Columbus Police Department recording incidents at the premises during the previous two and one-half years. Next, plaintiffs point to deposition testimony which indicates Cunningham knew alcoholic beverages were being served on the premises and intoxicated patrons were using the parking lot. Thirdly, plaintiffs contend the very nature of the establishment on the premises, a tavern, makes it reasonably foreseeable that a fight will occur in the parking lot. Finally, plaintiffs argue that the facts are virtually identical to the relevant facts in Simpson v. Big Bear Stores Company
(1995), 73 Ohio St.3d 130, and summary judgment thus is inappropriate.
Plaintiffs' contentions, either individually or collectively, do not give rise to a genuine issue of material fact regarding the foreseeability of the attacks. Cunningham was not aware of the forty incident reports. Moreover, even if Cunningham should have known of them and the incidents they represent, only a few of the incident reports related to conduct causing any sort of personal injury. Indeed, Douglas Ritchey, bartender for Brew-Stirs, said he felt the need to call the police on only two occasions, apart from the one at issue: in one, prior to the one at issue, a man was "misbehaving" (Ritchey Dep. 49); in the other, subsequent to plaintiff's injuries, a large man broke an exit sign as he was leaving, only to return and punch Ritchey. In the three and a half years he had been at Brew-Stirs, he had seen only two punches thrown: he was the recipient of one, and the other arose from a petty scuffle which prompted someone else to call the police. Thus, even with knowledge of the reports, Cunningham would not reasonably have foreseen the attack involving plaintiff.
Plaintiffs' second and third arguments similarly are unpersuasive. Knowledge that intoxicated people may use the parking lot does not render a criminal attack reasonably foreseeable. To accept plaintiffs' contentions would require police security at every tavern parking lot, a proposition not supported in either statutory or case law. Because such a proposition seeks to impose a duty even in the absence of reasonably foreseeable consequences, we decline plaintiffs' invitation to extend the law of premises liability to include as a matter of law all premises used for serving alcoholic beverages.
Lastly, plaintiffs point to Simpson to support their argument, but their reliance on Simpson is misplaced. In Simpson, an individual was attacked in the parking lot outside a Big Bear grocery store. The parking lot, a common area for all the lessees of the property, was under the control of the landlord, Graceland Shopping Center. While summary judgment for Big Bear was affirmed on appeal, plaintiffs presumably cite the case to assert that if the landlord who had control over and responsibility for the parking lot in Simpson could be liable, so too could Cunningham. In Simpson, however, Graceland Shopping Center was responsible for maintenance of the parking lot, including security, under the explicit terms of the lease. Simpson, supra, at 133. Here, Cunningham was responsible for maintenance, but nothing in the case remotely suggests maintenance included police security unless otherwise required by foreseeable circumstances. Given the foregoing, plaintiffs' first assignment of error is overruled.
Plaintiffs' second and third assignments of error are interrelated and will be addressed jointly as they contest the summary judgment granted to the two insurance companies who insured either Van Horn or the Clarks. Initially, while acknowledging that neither insurance company is liable for intentional harms, plaintiffs contend a question of fact exists whether the injuries plaintiff sustained were intentional, rendering summary judgment inappropriate. Plaintiffs' second argument has five subparts, contending that (1) even if the acts were intentional, a special relationship existed between the victim and the alleged attackers, (2) the special relationship imposed a duty, (3) that duty was breached, (4) breach of the duty is actionable negligence, and (5) insurance companies are liable for their insured's negligence.
As to plaintiffs' first contention, SPFM's policy insuring Van Horn contained the following language:
 PAK II doesn't cover the liability of any person who intentionally causes personal injury or property damage, including sexual or physical abuse. Even if the property damage or personal injury is more than was intended, we do not cover it because it was the result of an intentional act.
Similarly, State Auto's policy insuring the Clarks provided:
SECTION II EXCLUSIONS
 1. Coverage E Personal Liability and Coverage F Medical Payments to Others do not apply to bodily injury or property damage:
a. which is expected or intended by the insured[.]
Both insurance contracts thus exclude coverage for intentional harms. To avoid liability under the exclusion the "insurer must demonstrate not only that the insured intended the act but also that he intended to cause harm or injury." Physicians Insurance Company of Ohio v. Swanson (1991),58 Ohio St.3d 189, syllabus. Here, the evidence shows that plaintiff suffered severe blows to the head as a result of being either struck by a baseball bat, kicked in the head, or both. Under any of the posited scenarios, harm and injury were intended.
Plaintiffs attempt to circumvent that result by noting that of the three alleged perpetrators who could recall the event, all testified in their depositions that they never intended to harm plaintiff. When an "intentional act is substantially certain to cause injury, determination of an insured's subjective intent, or lack of subjective intent, is not conclusive on the issue of coverage." Gearing v. Nationwide InsuranceCompany (1996), 76 Ohio St.3d 34, 39. In fact, the insured's subjective intent is "only relevant where the intentional act at issue is not substantially certain to result in injury." Id. Because the act of repeatedly striking another's head with either a kick or a baseball bat is an intentional act that is substantially certain to result in injury, plaintiffs' argument is unpersuasive.
Plaintiffs secondly contend Van Horn and the Clarks individually owed a duty to plaintiff, they negligently breached that duty and, consequently, State Auto and SPFM are liable for the negligence of their insureds. "Generally, under Ohio law, there is no duty to prevent a third person from causing harm to another * * *." Simpson, supra, at 133, citingLittleton v. Good Samaritan Hosp. Health Ctr. (1988), 39 Ohio St.3d 86,92. A duty is created by the existence of a special relationship between the parties. Id.
Plaintiffs contend a special relationship existed between Van Horn and the Clark brothers because Van Horn and the Clarks went out together for a night of pool playing and beer drinking. Indeed, plaintiffs contend the record provides support for finding a "special relationship" because Van Horn voluntarily assisted Jeffery Clark from the bar after Clark was expelled from the premises.
Although plaintiffs point to the Restatement of the Law 2d, Torts (1965) 122, Section 314A for the proposition that a special relationship is created when an individual voluntarily takes custody of another, Van Horn's actions did not rise to the level of "custody," as contemplated in the Restatement. Moreover, plaintiffs do not cite, and we do not find, any authority that facts such as here have been held in the past to create a special relationship.
Relying on Restatement of Law 2d, Torts (1977) 315, Section 876, plaintiffs alternatively contend Van Horn and the Clarks acted in concert, encouraged and assisted one another and thereby violated a duty for which their insurers may be liable. The Restatement section plaintiffs cite states:
"Person Acting in Concert" provides as follows:
 For harm resulting to third person from the tortuous conduct of another, one is subject to liability if he
 (a) does a tortuous act in concert with the other or pursuant to a common design with him, or
 (b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement of the other so to conduct himself, or
 (c) gives a substantial assistance to the other in accomplishing a tortuous result and his own conduct, separately considered, constitutes a breach of duty to the third person.
As the title to the section of the Restatement suggests, section 876 provides a basis for finding persons acted in concert; it does not address whether the conduct was negligent or intentional. Here, even if application of the Restatement suggests Van Horn and the Clarks acted in concert, the underlying action was the intentional beating of plaintiff. Because the policies issued by State Auto and SPFM exclude coverage for intentional acts, plaintiffs' reliance on the Restatement is unavailing.
Finally, plaintiffs assert Van Horn and the Clarks were negligent because, knowing of bad intent each or all had toward plaintiff, plaintiff's injuries were foreseeable. Foreseeability alone does not create liability. Simpson, supra, at 134. Here, no duty existed absent a special relationship, and no such relationship existed. Moreover, simply because one of the three men realized or should have realized "that action on his part is necessary for another's aid or protection does not itself impose upon him a duty to take such action." Id., citing Restatement of the Law 2d Torts (1965) 116, 122, Section 314.
For the foregoing reasons, plaintiffs' second and third assignments of error are overruled. Having overruled plaintiffs' three assignments of error, we affirm the judgment of the trial court.
BROWN and KENNEDY, JJ., concur.