Upon motion for reconsideration, the decision previously filed in this case, Fredrickson v. Kobb Tennis Academy, Inc. (Aug. 28. 2002), 9th Dist. No. 02CA008016, 2002-Ohio-4399, is hereby vacated and replaced with this decision and journal entry.
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Chelsea Fredrickson, appeals from the judgment of the Lorain County Court of Common Pleas that granted the motion for summary judgment of Appellee, Kobb Tennis Academy, Inc. We affirm.
{¶ 2} On June 22, 2000, Appellant filed a complaint against Appellee seeking damages for injuries she sustained while attending Appellee's tennis camp. Discovery followed. Thereafter, on October 1, 2001, Appellee filed a motion for summary judgment which was subsequently granted by the trial court. Appellant timely appeals and raises one assignment of error for review.
 ASSIGNMENT OF ERROR {¶ 3} "Summary judgment was not proper because there were genuine issues of material fact regarding [Appellee's] liability to [Appellant] for injury sustained which required the jury's consideration[.]"
{¶ 4} In her sole assignment of error, Appellant avers that the trial court erroneously determined that Appellee was not negligent and therefore, improperly granted summary judgment in favor of Appellee. Specifically, Appellant asserts that Appellee breached four duties: (1) the duty to warn of dangers in its business premises; (2) the duty to exercise reasonable care in identifying and eliminating dangers in its place of business; (3) the duty to conduct tennis instruction in a way that posed no unreasonable risk to its customers; and (4) the contractual duty to maintain the safety of the facilities and participants. We disagree.
{¶ 5} Pursuant to Civ.R. 56(C), summary judgment is proper if: "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327. An appellate court reviews the trial court's granting of summary judgment de novo. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105; Klingshirn v. Westview Concrete Corp. (1996),113 Ohio App.3d 178, 180. Any doubt is to be resolved in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7,12.
{¶ 6} A party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and is to identify portions of the record that demonstrate the absence of genuine issues of material fact as to an essential element of the non-moving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The burden will then shift to the non-moving party, to offer "specific facts showing that there is a genuine issue for trial." Id. at 293. See, also, Civ.R. 56(E). The non-moving party may not rest on the mere allegations and denials in the pleadings, but must submit some evidentiary material showing a genuine dispute over the material facts. Id. at 293.
{¶ 7} In a negligence case, a plaintiff must prove that: (1) the defendant owed the plaintiff a duty; (2) the defendant breached that duty; (3) the plaintiff suffered harm; and (4) the harm was proximately caused by defendant's breach of duty. Steiner v. Ganley Toyota-MercedesBenz, Inc., 9th Dist. No. 20767, 2002-Ohio-2326, at ¶ 11, citingMussivand v. David (1989), 45 Ohio St.3d 314, 318. "Whether a duty exists is a question of law for the court." Steiner at ¶ 7, citingMussivand, 45 Ohio St.3d at 318.
{¶ 8} This case turns on the foreseeability of the risk of harm to Appellant and the legal tenet of possession and control of the premises. See Hudak v. Shearer (Sept. 23, 1998), 9th Dist. No. 97CA0068, at 5;Simpson v. Big Bear Stores Co. (1995), 73 Ohio St.3d 130, 132. Foreseeability addresses the first three alleged duties of Appellee and the fourth is addressed by the control analysis.
 A. Foreseeability
{¶ 9} "Foreseeability * * * is the linchpin of liability." Vengerv. Davis (April 26, 1995), 9th Dist. No. 16940, at 5, citing Jeffers v.Olexo (1989), 43 Ohio St.3d 140, 146. "An injury is not actionable unless it could be foreseen or reasonably anticipated as the probable result of an act of negligence." Hudak at 9, citing Strother v. Hutchinson (1981),67 Ohio St.2d 282, 287. Furthermore, there is no duty if an injury is not foreseeable. Hudak at 9, citing Menifee v. Ohio Welding Prods., Inc. (1984), 15 Ohio St.3d 75, 77. Foreseeability is defined using a reasonably prudent person standard: an injury is foreseeable if a reasonably prudent person, under the same or similar circumstances would have anticipated the injury as a result of his actions. Hudak at 7, citing Commerce Industry Ins., Co. v. Toledo, (1989), 45 Ohio St.3d 96,98.
{¶ 10} In her deposition, Mary Herrick ("Herrick"), owner of Kobb Tennis Academy, Inc., stated that every day she observed the courts and nets for problems. She further stated that "there was nothing visible that [she] could see that would be of any danger or harm to any of the kids that were there. * * * Had [she] felt there was anything harmful out there [she] would have done something about it or reported it." Herrick also asserted that she did not see the bolt that had injured Appellant. Furthermore, Herrick noted that to her recollection no one was ever injured at the tennis camp and this occurrence was an unfortunate, "freak accident."
{¶ 11} Michael Hobbs ("Hobbs"), former "Teaching Pro" of Kobb Tennis Academy, was deposed. Hobbs also stated that he was not aware of any injuries at Kobb Tennis Academy. He testified that ten or twenty other students performed the drill the same day as Appellant and no other injuries had occurred as a result of the bolt.
{¶ 12} Appellant presented no evidence suggesting that the injury was foreseeable by Appellee. Thus, no genuine issue of material fact exists, and reasonable minds could only conclude that Appellee did not negligently fail to warn, fail to exercise reasonable care in eliminating dangers in its place of business, or fail to conduct its instruction in a way that posed no unreasonable risks to its participants.
 B. Control
{¶ 13} The legal tenet requiring possession and control of the premises in order to be liable for negligence is well-established.Albright v. Univ. of Toledo (Sept. 18, 2001), 10th Dist. No. 01AP-130, citing Wireman v. Keneco Distributors, Inc. (1996), 75 Ohio St.3d 103,108. "One having neither possession nor control of premises is ordinarily not liable for damages resulting from the condition of the premises."Ohio Farmers Ins. Co. v. Modine Mfg. (Sept. 5, 2001), 9th Dist. Nos. 3114-M and 3116-M, at 7, quoting Hendrix v. Eighth and Walnut Corp. (1982),
{¶ 14} 1 Ohio St.3d 205, 207. Control implies the power and right to admit people to the premises and to exclude people from it. Modine at 10, citing Hendrix, 1 Ohio St.3d at 207. Furthermore, it involves a substantial exercise of that right. Id.
{¶ 15} The Tennis Camp Agreement between Lorain County Community College ("LCCC") and Appellee is evidence of LCCC's control of the facilities. This agreement sets forth the various responsibilities of LCCC and Appellee. Pursuant to the agreement, Appellee is responsible for "recruit[ing], hir[ing], train[ing] and evalut[ing] all tennis instructors[;] report[ing] registration [and] participation records weekly to the Director of HPER[;] [and] * * * monitor[ing] the safety of participants." There is no provision requiring Appellee to monitor the safety of the facilities. Further evidence of Appellee's lack of control is contained in the provision providing that Appellee is to "[r]espond to any emergency situations, which may arise according to the posted LCCC emergency procedures and safety regulations." The agreement also provides that "[f]acility access and security will be the responsibility of the H.P.E.R. Division." Furthermore, Herrick stated in her deposition that LCCC repaired the bolt which caused Appellant's injury. This evidence establishes that control of the facilities remained with LCCC and was not transferred to Appellee.
{¶ 16} Appellant has offered no contrary evidence suggesting that Appellee was in control of the premises. Consequently, there remains no genuine issue of material fact and reasonable minds could only conclude that the injury was not a result of the negligence of Appellee. Therefore, the trial court did not err in granting summary judgment to Appellee.
{¶ 17} Appellant's sole assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
WHITMORE, J., BATCHELDER, J. CONCUR.