OPINION
Plaintiffs-appellants, David W. and Tracie J. Wilson, appeal a decision of the Jefferson County Common Pleas Court granting summary judgment in favor of defendants-appellees, the Island Creek Township Board of Trustees and the Jefferson County Board of Commissioners.
Approximately 25 years ago, Daniel L. Calabrese (Calabrese) began developing a residential area known as the Maplewood subdivision. As streets were installed in the subdivision, increased water runoff resulted, causing some homes to flood. To fix the problem, Calabrese had a storm sewer culvert and drain pipe installed underground. Water runoff collects in the culvert and is redirected into the drain pipe. The pipe runs perpendicular to Maplewood Drive and underground along the border between lots 2 and 3 of the subdivision. The pipe terminates below ground level at property east of the subdivision (abutting the rear of lots 2 and 3), referred to now as 266 Maplewood Drive. This property was also owned by Calabrese but was not considered part of the subdivision.
Prior to 1996, the Wilsons had lived on property adjacent to 266 Maplewood Drive. The property was a double lot owned by Tracie Wilson's father, Robert Smith. The Wilsons lived in a trailer that was located behind Smith's house. In the early 1990's, Smith purchased the 266 Maplewood Drive property and in 1994 deeded the property to the Wilsons.
In May 1995, the Wilsons began construction of a house on the 266 Maplewood Drive property. After digging the foundation, it flooded. The Wilsons then dug a ditch to divert the water and successfully completed construction. However, water still runs across their property, dissipating the slag in the driveway, washing mud off the hill and down through to their drive.
Attributing the water problem to the drainage pipe, the Wilsons filed suit on May 30, 1996, against the Island Creek Township Board of Trustees (township) (Case No. 96-CIV-209). The complaint was later amended to add as party defendants the Jefferson County Board of Commissioners (county) and the owners of lots 2 and 3, Ralph and Alice Heilman and Dennis and Linda Cich. The Wilsons settled their claims against the Heilmans and the Cichs. Both the township and the county filed motions for summary judgment which were denied. One week prior to trial, on August 9, 1999, the Wilsons voluntarily dismissed the case without prejudice.
On August 7, 2000, the Wilsons refiled their suit again naming the township and the county as party defendants (Case No. 00-CIV-274).[1]
The complaint alleged the following causes of action: negligence, public and private nuisance, trespass, unreasonable interference with the natural flow of surface water, and unconstitutional taking of property without just compensation. The Wilsons sought injunctive relief, compensatory damages, punitive damages, attorney's fees, and costs.
On March 5, 2001, the county filed a motion for summary judgment. The township soon followed. The Wilsons responded in opposition on March 30, 2001. A hearing was held on the motions on April 2, 2001. The trial court granted each party's motions on April 16, 2001, and May 11, 2001, respectively. This appeal followed. During the pendency of this appeal, a notice of dismissal was filed concerning the county. Therefore, only the township remains as an appellee.
The Wilsons' sole assignment of error states:
 "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT ON THE MOTIONS OF THE ISLAND CREEK TOWNSHIP BOARD OF TRUSTEES AND THE JEFFERSON COUNTY BOARD OF COMMISSIONERS."
An appellate court reviews a trial court's decision on a motion for summary judgment de novo. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. Summary judgment is properly granted when: 1) there is no genuine issue as to any material fact; 2) the moving party is entitled to judgment as a matter of law; and 3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Harless v. WillisDay Warehousing Co. (1976), 54 Ohio St.2d 64, 66; Civ.R. 56(C).
Although the Wilsons assert various grounds for relief, the county's and the township's entitlement to political subdivision immunity is dispositive of this case. Determining whether a political subdivision is immune from liability entails a three-tier analysis. Cater v. Cleveland
(1998), 83 Ohio St.3d 24, 28. The first tier is simply a statement of the general rule that political subdivisions are immune from tort liability.Id. Specifically, R.C. 2744.02(A)(1) provides in relevant part:
"Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function." (Emphasis added.)
At the second tier, immunity can be removed under any one of five exceptions to immunity. The immunity afforded to political subdivisions under R.C. 2744.02(A)(1), by its express terms, is subject to the five exceptions listed in R.C. 2744.02(B). Cater, 83 Ohio St.3d at 28.
At the third tier, immunity can be reinstated if the political subdivision can successfully argue an available defense. The exceptions set forth in R.C. 2744.02(B), by its express terms, are subject to the defenses listed in R.C. 2744.03.
Turning to the case at hand, we begin at the first tier with the general rule of blanket immunity. At the second tier, R.C. 2744.02(B)(2), the relevant section in this case, provides that "political subdivisions are liable for injury, death, or loss to persons or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions."
For purposes of R.C. Chapter 2744, the actions of a political subdivision are categorized as either "governmental" or "proprietary." Pursuant to R.C. 2744.01(C)(2)(l), a "governmental function" includes "[t]he provision or nonprovision, planning or design, construction, or reconstruction of a public improvement, including, but not limited to, a sewer system."
The Wilsons cannot sustain their cause of action because they have failed to establish any duty on the part of the township to abate the alleged nuisance they complain of. An exception to the immunity statute has not been established by the Wilsons. The alleged damage they complain of is the result of the installation and design of the private storm sewer system installed by Calabrese. The source, design, and construction of the system were beyond the control of the township and, therefore, liability cannot be extended to them. See Simpson v. Big Bear Stores Co. (1995), 73 Ohio St.3d 130, 133. Possible legal recourse, if any, lies against Calabrese as the installer of the system or against him as predecessor in title of the lot presently owned by the Wilsons.
Having reviewed the record and, upon consideration thereof and the law, there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the Wilsons, reasonable minds can only conclude that they have failed to support the necessary elements of their cause of action, as required by R.C. 2744.02(B)(2), and the township is entitled to summary judgment as a matter of law.
Accordingly, the Wilsons' sole assignment of error is without merit.
The judgment of the trial court is hereby affirmed.
Vukovich, J., concurs.
DeGenaro, J., concurs.
[1] The complaint also names as party defendants the township trustees and the county commissioners individually and in their official capacity. The trustees named are Samuel Grafton, Richard Brandt, and William Koehnlien. The commissioners named are William Crabbe, Scott Krupinski, and Ben Batenburg.