OPINION
{¶ 1} This is an accelerated appeal of a judgment of the Ashtabula County Court of Common Pleas, granting summary judgment in favor of appellees, Comfort Inn and Brighton Hotel Corporation, in a lawsuit filed by appellants, James Brake ("Brake") and Kevin Chisar ("Chisar,") which alleged that they suffered damages caused by appellees' negligence.
 {¶ 2} Appellants' complaint alleges personal injuries suffered by them while guests of appellee, Comfort Inn, on June 12, 1999. Because this is an appeal of the trial court's grant of summary judgment, the facts will be viewed in a light most favorable to appellants, the nonmoving parties. On that night, appellants were guests at a 25th anniversary party held in one of the Comfort Inn banquet rooms. At the party, there was a cash bar, which served draft beer and mixed drinks. Also at the party were Ben Vass ("Vass") and Jacob Cunningham ("Cunningham,") who were not invited, but accompanied their girlfriends, Kelly Van Buren and Jamie Kent ("Kent").
 {¶ 3} When the party ended, Kent and Cunningham went to Kent's car in the parking lot, where they began to argue about who would drive. Cunningham grabbed Kent by the neck and hit her in the back of her head. Kent ran back into the hotel lobby and told the person at the desk what had happened. Kent asked the desk clerk to call her uncle, appellant Chisar, in his room. The desk clerk called the police, then called Chisar's room.
 {¶ 4} After Chisar answered the phone, the clerk told him that there was a problem in the lobby and put Kent on the line. Kent told appellant that Cunningham grabbed her around the neck and hit her in the head, and that he was now outside of the hotel, with Vass, beating on her car. Chisar left his room and went to the front desk. Brake, who was in Chisar's room at the time of the call, also went to the lobby, shortly after Chisar.
 {¶ 5} Chisar and Brake passed through the lobby and into the parking lot, where Cunningham and Vass were standing on top of Kent's car. As appellants approached them, Cunningham and Vass got down from the car and a confrontation ensued. Cunningham punched Brake, rendering him unconscious. While unconscious, Brake was kicked repeatedly in the head by Vass and Cunningham. Chisar attempted to stop the attacks on Brake, but was unable to stop the two men. Neither Brake nor Chisar threw a punch during the assault.
 {¶ 6} When the police arrived, the assault stopped. Cunningham and Vass were arrested. Brake, having received numerous and serious facial fractures, was evacuated by Life Flight Helicopter to Metro Health Medical Center in Cleveland. Chisar sustained a broken nose in the assault.
 {¶ 7} Appellees had, at one time, employed an off-duty police officer as a security guard, on summer weekends. That practice had been discontinued before appellants were assaulted. Stephanie Browning, the bartender in the Comfort Inn lounge the evening of the assault, testified in a deposition that she was uncomfortable with the lack of a guard because she was not sure how her patrons would handle their alcohol. She also testified that, although she had one patron make a threat to "come across the bar" after she had "cut him off," she had never needed to call the police because of an incident at the hotel, until the night of the assault.
 {¶ 8} On June 12, 2000, appellants filed suit against appellees, as well as Vass and Cunningham, alleging assault and negligence. Appellees, Comfort Inn and Brighton Hotel Corporation, filed a motion for summary judgment, arguing that they had no duty to protect appellants from the criminal acts of third parties, and that appellants, by confronting Cunningham and Vass, had assumed the risk of injury. On January 4, 2002, the trial court granted appellees' motion, and entered summary judgment for Comfort Inn and Brighton Hotel Corporation.
 {¶ 9} Appellants filed a timely appeal of the trial court's decision. On April 12, 2002, this court ordered, sua sponte, that appellants must show cause why the appeal should not be dismissed because the trial court's order, without a Civ.R. 54(B) ruling, was not a final appealable order. Appellants voluntarily dismissed Vass, Cunningham, and John Doe Corporation from the suit, remedying the jurisdictional defect.
 {¶ 10} Appellants assert the following assignment of error:
 {¶ 11} "[t]here are genuine issues of material fact in the record which precludes [sic] a determination of summary judgment in favor of the Comfort Inn."
 {¶ 12} In their assignment of error, appellants argue that the court erred in finding that appellees owed no duty to appellants to prevent them from criminal acts by third parties.
 {¶ 13} Summary judgment is proper when: "(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
 {¶ 14} In order for appellants to present a prima facie case of negligence, they must prove that: (1) appellees owed them a duty; (2) appellees breached that duty; and, (3) an injury was proximately caused by the breach of duty. Jeffers v. Olexo (1989), 43 Ohio St.3d 140, 142.
 {¶ 15} "Thus, existence of a duty is fundamental to establishing actionable negligence. `*** If there is no duty, then no legal liability can arise on account of negligence. Where there is no obligation of care or caution, there can be no actionable negligence.'" Id. A business may have a duty to protect its invitees from harm caused by third parties, but the business is not an insurer of its patrons' safety. Howard v.Rogers (1969), 19 Ohio St.2d 42, paragraphs one and two of the syllabus. Thus, "[a] business owner has a duty to warn or protect its business invitees from criminal acts of third parties when the business knows that there is a substantial risk of harm to its invitees on the premises in the possession and control of the business owner." Simpson v. Big BearStores Co. (1995), 73 Ohio St.3d 130, syllabus.
 {¶ 16} The foreseeability of criminal acts thus depends upon the knowledge of the business, and is determined by the totality of the circumstances. Collins v. Sabino (Aug. 8, 1997), 11th Dist. No. 96-T-5590, 1997 Ohio App. LEXIS 3587, at *8; quoting Feichtner v.Cleveland (1994), 95 Ohio App.3d 388, 395-396. Because "somewhat overwhelming" circumstances are required to establish the foreseeability of the harm and, thus, the existence of a duty, courts are reluctant to impose a duty to protect invitees from the criminal acts of third parties when no evidence of prior, similar occurrences appears on the record.Id.
 {¶ 17} In this case, appellants presented the affidavit of Gregg O. McCrary, a security consultant, in which he opined that "[i]t was reasonably foreseeable to Comfort Inn as a provider of alcohol that individuals who drink can and do become involved in confrontations leading to violence and injury if not restrained by security personnel (i.e. doorman, bouncer, guards)." Mr. McCrary's affidavit, while it provides the opinion that any provider of alcohol should know that its patrons become violent if security personnel are not present, fails to show any knowledge on the part of Comfort Inn of prior violent altercations on the premises as a result of guests being served alcohol.
 {¶ 18} Appellants argue that Stephanie Browning's testimony establishes a question of fact as to whether there had been prior violent altercations on the premises. She testified, however, that after she had "cut off" an intoxicated patron, he had threatened to "come across the bar." There was no security guard present at the time, and the situation was resolved peacefully, without the need to call the police. Ms. Browning also testified that she had never needed to call the police prior to the night appellants were assaulted. This testimony also does nothing to show that Comfort Inn had knowledge of prior incidents of criminal conduct similar to the conduct at issue in this case.
 {¶ 19} The record contains no evidence sufficient to create an issue of fact as to whether prior violence had occurred at Comfort Inn as a result of guests being served alcohol on the premises. Though the deposition testimony showed that Comfort Inn had employed an off-duty police officer to act as weekend security in the past, there is no evidence in the record that the guard had ever been required to prevent drunken patrons from assaulting other guests. There are no overwhelming circumstances showing the foreseeability of the attack, in this case.
 {¶ 20} Because, viewed in light of the totality of the circumstances, Cunningham's and Vass' assault on appellants was not foreseeable, appellees had no duty to prevent the assault.
 {¶ 21} Appellants also argue that, because, at Kent's request, the desk clerk telephoned Chisar in his room, after the clerk knew of the situation in the parking lot, appellees had a duty to protect appellants, when they went outside to confront Vass and Cunningham. The clerk, however, called the police prior to calling Chisar's room. By asking the police to come and remove Cunningham and Vass from the premises, appellees were using reasonable care to protect the safety of their invitees. Testimony reveals that Kent, not the clerk, told Chisar of the altercation and continuing violence outside the hotel and asked him to come downstairs and help. Furthermore, the testimony reveals that Chisar went outside, knowing that he was injecting himself into a disagreement which had become violent, because he wanted to end the situation before the police arrived. Brake testified that he followed Chisar into the parking lot because he knew of the violent situation, and did not want Chisar to confront Vass and Cunningham alone. The hotel's employees did not ask appellants to become involved in the situation in the parking lot, and could not have foreseen, based upon prior occurrences, that hotel guests would confront unruly and violent third parties in the hotel parking lot.
 {¶ 22} Thus, the trial court did not err in determining that appellees were entitled to summary judgment. Appellees owed appellants no duty to protect them from the criminal acts of third parties, when appellants knowingly, voluntarily, and unnecessarily involved themselves in a violent dispute between Chisar's niece, Kent, and her boyfriend, Cunningham. Kent was safely in the lobby when appellants went to confront Cunningham in the parking lot. Appellants' assignment of error is without merit.
 {¶ 23} For the foregoing reasons, the judgment of the Ashtabula County Court of Common Pleas is affirmed.
DONALD R. FORD and DIANE V. GRENDELL, JJ., concur.