This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants, Margaret Spicer and Howard Spicer, Jr. ("the Spicers"), appeal from the decision of the Summit County Court of Common Pleas. We affirm.
 {¶ 2} On April 22, 2000, the Spicers' son, Howard Spicer, III ("Howard"), was seriously injured in an automobile accident. Howard was a passenger in a car driven by Nicholas Rich, a minor who was intoxicated at the time of the accident. The alcohol was obtained from Thomas Sikler, an employee of British Petrolium ("BP"). Sikler stole a case of beer from BP for Howard, Rich, and another minor in exchange for a marijuana joint. BP did not know of Sikler's actions at the time and later fired him as a result of the theft.
 {¶ 3} At the time of the accident, Howard Spicer, Jr. worked for Bacik Karpinski Associates, Inc. The company carried insurance policies with State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Insurance Company. On September 20, 2000, the Spicers filed a lawsuit against Mark Rich, the father of Nicholas Rich, State Farm Mutual Automobile Insurance Company, State Farm Fire and Casualty Insurance Company, and BP on behalf of their son for the personal injuries sustained in the accident. State Farm Mutual Automobile Insurance Company conceded coverage to the Spicers. Subsequently, the Spicers filed a motion for summary judgment against State Farm Fire and Casualty Insurance Company. BP and State Farm filed motions for summary judgment against the Spicers. The trial court denied the Spicers' motion for summary judgment and granted BP's and State Farm's motions for summary judgment. It is from this decision that the Spicers now appeal.
 {¶ 4} The Spicers assert three assignments of error. We will address the first and second assignments of error together.
 First Assignment of Error {¶ 5} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY HOLDING THAT APPELLEE STATE FARM FIRE AND CASUALTY INSURANCE COMPANY UM REJECTION FORM MET THE REQUIREMENTS OF R.C. 3937.18."
 Second Assignment of Error {¶ 6} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY HOLDING THAT APPELLEE STATE FARM FIRE AND CASUALTY INSURANCE COMPANY CGL POLICY WAS NOT AN AUTOMOBILE LIABILITY POLICY CONTROLLED BY R.C. 3937.18."
 {¶ 7} In their first and second assignments of error, the Spicers assert that the trial court erred in holding that State Farm's uninsured motorist rejection form met the requirements of R.C. 3937.18 and that State Farm's commercial general liability policy was not an automobile liability policy controlled by R.C. 3937.18. On May 7, 2003, the Spicers filed a motion for voluntary dismissal of State Farm. This Court granted the motion for voluntary dismissal by judgment entry on May 12, 2003, therefore, we need not address these assignments of error.
 Third Assignment of Error {¶ 8} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY HOLDING THAT APPELLEE BP PRODUCTS OF NORTH AMERICA, INC. WAS NOT LIABLE FOR THE ACTS OF ITS EMPLOYEES."
 {¶ 9} In their third assignment of error, the Spicers aver that the trial court erred by holding that BP was not liable for the acts of its employees. We disagree.
 {¶ 10} Pursuant to Civ.R. 56(C), summary judgment is proper if:
 {¶ 11} "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
 {¶ 12} Appellate review of a trial court's entry of summary judgment is de novo, applying the same standard used by the trial court. McKay v. Cutlip (1992), 80 Ohio App.3d 487, 491. The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists. Henkle v. Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 13} R.C. 4301.69 provides in pertinent part:
 {¶ 14} "no person shall sell beer or intoxicating liquor * * * or shall furnish it to an underage person * * * unless the underage person is accompanied by a parent, spouse who is not an underage person, or legal guardian."
 {¶ 15} R.C. 4399.18 governs the limitations on liability for acts of intoxicated persons and provides in pertinent part:
 {¶ 16} "A person has a cause of action against a liquor permit holder or an employee of a liquor permit holder for injury, death, or loss to person or property caused by the negligent actions or omissions of an intoxicated person occurring off the premises of the liquor permit holder or away from a parking lot under the liquor permit holder's control only when both of the following can be shown by a preponderance of the evidence:
 {¶ 17} "(A) The liquor permit holder or an employee of the liquor permit holder knowingly sold an intoxicating beverage to at least one of the following:
 {¶ 18} "* * *
 {¶ 19} "(3) A person in violation of section 4301.69.
 {¶ 20} "(B) The person's intoxication proximately caused the injury, death, or loss to person or property."
 {¶ 21} The Spicers concede that BP did not "furnish" the beer to the minors as contemplated by R.C. 4301.69. Even so, the Spicers assert that their cause of action is not barred by R.C. 4399.18 because BP was negligent as a holder of the premises. This Court has previously held that a bar establishment owes a duty to an invitee by virtue of the bar's status as holder of the premises and not by virtue of the bar's status as a liquor permit holder. Auto-Owners Ins. Co. v. JC KC, Inc. (Nov. 4, 1998), 9th Dist. No. 18937.
 {¶ 22} In order for the Spicers to present a prima facie case of negligence, they must prove that BP owed them a duty, BP breached that duty, and the injury was proximately caused by the breach of duty. Jeffers v. Olexo (1989), 43 Ohio St.3d 140, 142. A business owner may be subject to liability for injuries to its invitees from harm caused by third parties, but the business owner is not an insurer of the invitee's safety. Howard v. Rogers (1969), 19 Ohio St.2d 42, paragraph one and two of the syllabus. In the case of Simpson v. Big Bear Stores Co. (1995),73 Ohio St.3d 130, syllabus, the Ohio Supreme Court held that:
 {¶ 23} "[a] business owner has a duty to warn or protect its business invitees from criminal acts of third parties when the business owner knows or should know that there is a substantial risk of harm to its invitees on the premises in the possession and control of the business owner."
 {¶ 24} The foreseeability of criminal acts depends upon the knowledge of the business owner, and is determined by the totality of the circumstances. Feichtner v. Cleveland (1994), 95 Ohio App.3d 388,395-396.
 {¶ 25} "Because `somewhat overwhelming' circumstances are required to establish the foreseeability of the harm and, thus, the existence of a duty, courts are reluctant to impose a duty to protect invitees from the criminal acts of third parties when no evidence of prior, similar occurrences appears on the record." Brake v. Comfort Inn, 11th Dist. No. 2002-A-0006, 2002-Ohio-7167 at ¶ 16, citing Collins v. Sabino (Aug. 8, 1997), 11th Dist. No. 96-T-5590.
 {¶ 26} In the present case, the Spicers argue that it was foreseeable that an employee, who was under the legal drinking age, would steal alcohol for other minors. The Spicers further argue that injuries resulting from the minors' consumption of alcohol is likewise foreseeable. We do not agree.
 {¶ 27} There is no evidence in the record of any similar theft incidents involving minors. Viewed in light of the totality of the circumstances, it was not foreseeable that a BP employee would steal beer, provide the beer to two minors, who would then provide the beer to a third minor, who in turn proceeded to drive while intoxicated, which resulted in an automobile accident. Because these acts were not foreseeable, BP did not owe a duty to Howard.
 {¶ 28} There is no genuine issue of material fact, BP is entitled to summary judgment as a matter of law, and reasonable minds can come to only one conclusion — that BP did not owe a duty to Howard. The Spicer's third assignment of error is overruled.
 {¶ 29} The Spicer's first and second assignments of error were not addressed due to the dismissal of State Farm. The Spicer's third assignment of error is overruled and the judgment of the Summit County Court of Common Pleas is affirmed.
CARR, P.J., WHITMORE, J. CONCUR.