[Cite as *Hall v. Kosta's Night Club*, 2016-Ohio-5003.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| DERRELL L. HALL, Administrator of the Estate of GARY M. HALL, DECEASED | : | JUDGES: |
| | : | |
| | : | Hon. Sheila G. Farmer, P. J. |
| | : | Hon. John W. Wise, J. |
| Plaintiff-Appellant | : | Hon. Patricia A. Delaney, J. |
| | : | |
| vs. | : | Case No.  15 CA 105 |
| | : | |
| KOSTA'S NIGHT CLUB, et al. | : | |
| | : | |
| Defendants-Appellees | : | O P I N I O N |


CHARACTER OF PROCEEDING:  Appeal from the Court of Common Pleas, Case No.  2013 CV 1381R


JUDGMENT:  Affirmed


DATE OF JUDGMENT ENTRY:  July 18, 2016


APPEARANCES:

For Plaintiff-Appellant

BRIAN J. HALLIGAN
LAW OFFICE OF BRIAN J. HALLIGAN
1105 Broad Street
Post Office Box 455
Ashland, Ohio  44805

For Defendants-Appellees

THOMAS F. NAUGHTON
FRANK H. SCIALDONE
MAZANEC, RASKIN & RYDER
100 Franklin's Row, 34305 Solon Road
Cleveland, Ohio  44139

*Wise, J.*

**{¶1}**    Appellant Derrell L. Hall, Administrator of the Estate of Gary M. Hall, Deceased,  appeals the decision of  Richland County Court of Common Pleas granting summary judgment in favor of Appellees Kosta's Night Club, Kostadin Bulakovski, Mary Bulakovski and Steve Bulakovski.

## STATEMENT OF THE FACTS AND CASE

**{¶2}**    The following facts, as taken from the trial court's Judgment Entry, were found to be undisputed:

**{¶3}**     Kosta's Night Club/Kosta's Wings and Billiards (Kosta's) is located at 924 West Fourth Street, Mansfield, Ohio. It is owned by KMSJ, Inc. and is the only property owned by the corporation. Mary Bulakovski is the president and sole officer of KMSJ, Inc. KMSJ is the lessee of the property at 924 West Fourth Street and is the holder of the liquor license for the establishment.

**{¶4}**    Steven Bulakovski is the general manager and has operated Kosta's for approximately the last fifteen years. Gary Hall worked at Kosta's off and on as a bouncer/security guard. The testimony conflicted as to when Hall last worked for Kosta's. The employees of Kosta's testified that it had been at least a year since Hall had worked there. The affidavit of Hall's brother indicates that Hall may have been called in to work a month before this incident in question; however, no foundation was laid for the Court to determine the admissibility of this evidence.

**{¶5}**    On December 25, 2011, Kosta's held a small private Christmas party for employees, friends and special patrons. The bar was not open for general business. There were four people working that night. Steven Bulakovski (hereinafter Mr.

Bulakovski) and Glen Massey were bartending that night. Cody and Adrian (last names unknown) were working security on this night.

{¶6} Gary Hall arrived at Kosta's between 9:30 p.m. and 10:30 p.m. as a guest with his friends, Brandon Frost and Jason Vance. At some time prior to midnight, Carees Linzy arrived at the bar. He was seen with Kevin Graves, but there is no evidence as to whether they were there together or happened to meet there, but it appears they left together. Mr. Linzy came into the bar to purchase a six pack of beer and stayed to have some drinks and play pool.

{¶7} At around 12:30 a.m. to 12:45 a.m., Devin Edwards was outside smoking with a friend, Brandon Sluey, and discussing an incident that occurred to Edwards in New York City when he was younger. Carees Linzy butted into the conversation and proceeded to verbally argue with Edwards, calling him a liar and a racist. Edwards, in an Affidavit, indicated that Linzy appeared to be trying to provoke him into a fight. Edwards ended the conversation with an apology and returned to the bar.

{¶8} Edwards did not indicate in his affidavit or his statement to the police any threats issued by or menacing behavior on the part of Linzy. Edwards, however, was concerned enough about Linzy's behavior in butting into his private conversation, that he spoke to Bulakovski about the incident.

{¶9} Bulakovski was familiar with Linzy. He believed that Linzy had been to Kosta's on maybe four previous occasions. On those previous occasions, Linzy had come in and purchased a six-pack of beer and had a drink before leaving without incident. Bulakovski spoke with Linzy and Edwards and the problem seemed as though it had been resolved. Bulakovski assured Edwards that if Linzy caused any further

problem, he would be removed from the premises and be removed prior to Edwards leaving. Edwards continued to keep an eye on Linzy, but did not feel the need to leave the bar, staying to sing karaoke.

{¶10} Approximately forty-five minutes to an hour later, Edwards was singing karaoke when he saw Linzy and Graves leaving the bar. He noticed Hall leaving the bar at the same time, but did not indicate that Linzy appeared to be leaving the bar at the insistence of Hall or anyone else. Bulakovski indicated that he had asked Linzy to leave, but there was no testimony that he asked Hall, or anyone else, to escort Linzy out of the bar. The evidence indicates that Linzy left on his own accord after being asked to leave. Bulakovski, Vance and Frost all testified that Hall left at the same time to go out to his car to get a pack of cigarettes and to have a smoke.

{¶11} An altercation took place between Hall and Mr. Linzy outside of the bar. Hall struck Linzy and Linzy shot Mr. Hall. After shots were heard fired from outside, Hall ran into the bar and said that someone outside had a gun. Most of the witnesses did not realize at the time that Hall had been shot.

{¶12} Following a jury trial, Linzy was convicted of the murder of Gary Hall. Linzy was sentenced to an aggregate sentence of 21 years to life.

{¶13} Plaintiff-Appellant Derrell L. Hall, Administrator of the Estate of Gary M. Hall, deceased, filed a Complaint against Kosta's Night Club, as well as Kostadin, Mary and Steven Bulakovski (collectively "Kosta's") setting forth two causes of action: wrongful death and survivorship. Appellant Hall brought the wrongful death action under R.C. §2125.01 as a personal representative for the exclusive benefit of the children, parents, and other next of kin of Gary M. Hall, deceased. The decedent, Gary M. Hall, is

survived by his two minor children, Alyxa M. Hall and Paityn A. Hall, along with Gary's parents. Appellant/Administrator Hall and Earlene Hall are Gary Hall's two siblings who are beneficiaries under Ohio's wrongful death statute. Appellant did not sue the assailant.

{¶14} On August 14, 2015, Appellees filed a motion for summary judgment.

{¶15} On October 7, 2015, Appellant filed his Memorandum in Opposition to the Motion for Summary Judgment.

{¶16} On Nov. 3, 2015, the trial court granted Appellees' motion for summary judgment and dismissed Appellant's Complaint, stating "the Plaintiff makes multiple vague implications that somehow the Defendants should have foreseen and prevented the death of Mr. Hall, but they have presented no evidence of the same." (Nov. 3, 2015 JE at 11).

{¶17} Appellant now appeals, raising the following error for review:

### ASSIGNMENT OF ERROR

{¶18} "I. THE TRIAL COURT ERRED IN GRANTING THE APPELLEES' MOTION FOR SUMMARY JUDGMENT AS THERE EXISTS [SIC] GENUINE ISSUE OF MATERIAL FACT IN DISPUTE AND THE APPELLEES ARE NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW, AS REASONABLE MINDS CAN COME TO BUT ONE CONCLUSION AND THAT CONCLUSION IS NOT ADVERSE TO THE APPELLANT AGAINST WHOM THE MOTION FOR SUMMARY JUDGMENT WAS MADE."

## Summary Judgment Standard of Review

**{¶19}** We refer to Civ.R. 56(C) in reviewing a motion for summary judgment which provides, in pertinent part:

> Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.* * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

**{¶20}** The moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court, which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. *Dresher v. Burt,* 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). The nonmoving party then has a reciprocal burden of specificity and cannot rest on the allegations or denials in the pleadings, but must set forth "specific facts" by the means listed in Civ.R. 56(C) showing that a "triable issue of fact" exists. *Mitseff v. Wheeler,* 38 Ohio St.3d 112, 115, 526 N.E.2d 798, 801 (1988).

**{¶21}** Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. *Vahila v. Hall,* 77 Ohio St.3d 421, 429, 674 N.E.2d 1164 (1997), citing *Dresher v. Burt,* 75 Ohio St.3d 280, 662 N.E.2d 264 (1996).

**I.**

**{¶22}** In his sole Assignment of Error, Appellant argues that the trial court erred in granting summary judgment in favor of Appellees. We disagree.

**{¶23}** Ohio's wrongful death statute, as contained in R.C. §2125.01, provides in pertinent part:

> No action for the wrongful death of a person may be maintained against the owner or lessee of the real property upon which the death occurred if the cause of the death was the violent unprovoked act of a party other than the owner, lessee, or a person under the control of the owner or lessee, unless the acts or omissions of the owner, lessee, or person under the control of the owner or lessee constitute gross negligence.

**{¶24}** R.C. §2125.01 operates to bar a wrongful death action brought against the owner or operator of a premises for a death caused by the violent act of a third person while on the premises unless (1) the *cause* proximately resulted from the gross negligence of the owner or operator, or (2) the cause was provoked by the owner or operator's act or omission. *Monnin v. Fifth Third Bank of Miami Valley, N.A.* (1995), 103 Ohio App.3d 213, 228, 658 N.E.2d 1140.

**{¶25}** Appellant does not argue in this assignment of error that Linzy's act was not a violent, unprovoked act, but argues only that reasonable minds could conclude that Appellees committed gross negligence in "refusing to take measures with respect to Linzy after being alerted by Devin Edwards." (Appellant's Brief at 11). Therefore, we find that the standard of gross negligence applies to the wrongful death action brought by Appellant.

**{¶26}** The Ohio Supreme Court has defined gross negligence as follows:

**{¶27}** "An early Ohio Supreme Court case defined 'gross negligence' as the 'failure to exercise any or very slight care.' *Johnson v. State* (1902), 66 Ohio St. 59, 67, 63 N.E. 607, 609. *See, also*, *Cleveland, C. C. & I. Ry. Co. v. Elliott* (1876), 28 Ohio St. 340, 356–357; *Payne v. Vance* (1921), 103 Ohio St. 59, 133 N.E. 85. Prosser states that gross negligence 'has been described as a failure to exercise even that care which a careless person would use.' Prosser & Keeton, Law of Torts (5 Ed.1984) 212, Section 34." *Thompson Elec. v. Bank One, Akron, N.A.* (1988), 37 Ohio St.3d 259, 265,525 N.E.2d 761.

**{¶28}** Upon review, we find Appellant did not present evidence from which reasonable minds could conclude that Appellees acts or omissions constituted gross negligence.

**{¶29}** Initially, we note that while Appellant's Complaint names Kostadin Bulakovski, Mary Bulakovski and Steven Bulakovski, individually, Appellant failed to argue how any of them were individually liable in his brief in opposition to the motion for summary judgment or on appeal. We therefore find such argument waived.

{¶30} We further find that Appellant has also waived any arguments in support of his claim for survivorship at the trial court level or on appeal.

<u>Wrongful Death Claim</u>

{¶31} Under Ohio law, generally, absent a special relation between the parties, no duty exists to prevent a third person from causing harm to another. *Simpson v. Big Bear Stores Co.*, 73 Ohio St.3d 130, 134, 652 N.E.2d 702 (1995). Further, a business owner has a duty to warn or protect its business invitees from the criminal acts of third parties only when the business owner knows or should know that there is a substantial risk of harm to invitees on the premises. *Id.* at 135, 652 N.E.2d 702.

{¶32} Thus, the existence of a duty depends on the injury's foreseeability and the foreseeability of criminal acts of third parties depends on the business owner's superior knowledge of a danger relative to that of the invitee. *Proctor v. Morgan*, 8th Dist. Cuyahoga No. 97404, 2012–Ohio–2066, ¶7, citing *Haddad v. Kan Zaman Restaurant*, 8th Dist. Cuyahoga No. 89255, 2007–Ohio–6808, ¶18. This Court considers the totality of the circumstances to determine foreseeability. *Reitz v. May Co. Dept. Stores*, 66 Ohio App.3d 188, 583 N.E.2d 1071 (8th Dist.1990).

{¶33} In analyzing the evidence, the totality of the circumstances must be "somewhat overwhelming" before a business owner will be held to be on notice of and under a duty to protect against the criminal acts of third parties. *Haddad* at ¶18. Moreover, courts are reluctant to impose such a duty when the record contains no evidence of prior, similar occurrences. *Mosby v. Sanders*, 8th Dist. Cuyahoga No. 92605, 2009–Ohio–6459, ¶13, citing *Brake v. Comfort Inn*, 11th Dist. Ashtabula Nos. 2002–A–0006 and 2002–Ohio–7167.

{¶34} In the instant case, Appellant alleges that on the night in question Appellees failed to provide adequate security and failed to follow their own security protocol by allowing the decedent to escort Linzy out of the bar, and that these failures amounted to gross negligence.

{¶35} Upon review, we find that Appellant failed to provide any evidence that Appellees had a duty to provide security or that the security in place was inadequate. Further, Appellant has failed to provide evidence that Mr. Hall escorted Linzy out of the bar on that night. Rather, the evidence presented shows that Mr. Hall went outside to smoke and that Linzy went outside close to the same time on his accord, after being asked to leave by Appellees.

{¶36} There was also no evidence presented to support the argument that Appellees owed Mr. Hall a special duty over that owed to a business invitee.

{¶37} Appellant likewise failed to present any evidence in support of their argument that Linzy's actions were foreseeable. As stated above, Linzy had only been in the bar on approximately four prior occasions. On each of those prior occasions, Linzy purchased a six-pack of beer and left without incident. There was nothing about Linzy or his actions on any prior visits that would have made his actions on this night foreseeable.

{¶38} Even looking to this night in particular, while there is evidence that Linzy did get into a verbal altercation with another patron, there was nothing about that exchange that would lead Appellees to believe that he was dangerous or that they should have foreseen his later actions.

**{¶39}** Appellant has therefore failed to demonstrate that Appellees actions or omissions proximately caused the wrongful death of Gary Hall.

**{¶40}** Based on the foregoing, we find Appellant's sole Assignment of Error not well-taken and hereby overrule same.

**{¶41}** For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.


By: Wise, J.

Farmer, P. J., and

Delaney, J., concur. .

JWW/d 0629