DOE, Appellant,

v.

CUB FOODS OF OHIO, INC., Appellee, et al.

[Cite as *Doe v. Cub Foods of Ohio, Inc.* (1996), 115 Ohio App.3d 473.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 96APE04–395.

Decided Oct. 29, 1996.

*Stanley L. Myers*, for appellant.

*Reid, Berry & Stanard* and *Robert L. Berry*, for appellee.

JOHN C. YOUNG, Judge.

This matter is before this court upon the appeal of Jane Doe, appellant, from the March 11, 1996 judgment entry of the Franklin County Court of Common Pleas, which granted judgment in favor of appellee, Cub Foods of Ohio, Inc., and dismissed appellant's action. Appellant sets forth the following assignments of error on appeal:

"First Assignment of Error

"The trial court erred as a matter [of] law in failing to follow the mandate of this court to try this case on the sole issue of damages.

"Second Assignment of Error

"The trial court erred in determining that Doe did not prove the operative elements of *Simpson.*

"Third Assignment of Error

"Where there is evidence supporting a general verdict on one of two independent bases, it is error to reverse a judgment due to error on one of those bases when no error exists in the other basis."

This matter was previously before this court in *Doe v. Cub Foods of Ohio, Inc.* (May 25, 1995), Franklin App. No. 94APE07–1005, unreported, 1995 WL 318776, wherein this court affirmed the judgment of the trial court as to liability but reversed as to damages and remanded the matter for a new hearing on the issue of damages. After this court remanded the matter to the trial court, the Ohio Supreme Court announced its decision in *Simpson v. Big Bear Stores Co.* (1995), 73 Ohio St.3d 130, 652 N.E.2d 702. Based upon the Supreme Court's holding in *Simpson,* the trial court concluded that the holding of the *Simpson* case was controlling upon the facts in the present case and granted summary judgment in favor of appellee, Cub Foods of Ohio, Inc.

Although appellant has raised three assignments of error, there is only one issue before this court: Does the Supreme Court's decision in *Simpson,* which was rendered after this court's decision in the present case, mandate the granting of summary judgment in favor of appellee?

It is undisputed that absent extraordinary circumstances, a lower court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case. An example of such an extraordinary circumstance would be where a holding of the court of appeals is inconsistent with an intervening decision by the Ohio Supreme Court. See *State ex rel. Potain v. Mathews* (1979), 59 Ohio St.2d 29, 32, 13 O.O.3d 17, 18–19, 391 N.E.2d 343, 345; *Svet v. Mayfield* (1989), 56 Ohio App.3d 17, 18, 564 N.E.2d 735, 736–737; *State ex rel. Davis v. Cleary* (1991), 77 Ohio App.3d 494, 602 N.E.2d 1183; and *Costell v. Toledo Hosp.* (1994), 98 Ohio App.3d 586, 649 N.E.2d 35. The trial court concluded that the Supreme Court's decision in *Simpson* mandated the granting of summary judgment to appellee. This court disagrees with that conclusion.

Without reiterating all of the facts in this case, this court finds that this case is distinguishable from *Simpson,* and further finds that *Simpson* does not foreclose the verdict originally rendered in this case. In *Simpson,* the Ohio Supreme Court held as follows:

"A business owner has a duty to warn or protect its business invitees from criminal acts of third parties when the business owner knows or should know that there is a substantial risk of harm to its invitees on the premises in the

possession and control of the business owner. The duty does not extend to premises not in the possession and control of the business owner." *Id.*, syllabus.

In *Simpson,* the plaintiff was attacked and robbed while walking to her car on the west side of the Big Bear store. Pursuant to the lease between Big Bear and Graceland Shoppers Limited Partnership ("Graceland"), the common areas, including the sidewalks and parking areas, were for the joint use of all tenants, their customers, and their employees. The limited right was one of common use and not control. Furthermore, the lease specifically assigned responsibility for maintenance of the common areas to Graceland and expressly included security as a component of that maintenance.

In the present case, appellant was beaten and robbed in the parking lot in front of appellee's store on Brice Road. Pursuant to the lease, appellee had a nonexclusive right in common with the other tenants to use the parking area and facilities, including, but not limited to, driveways, entrances and exits thereto, employee parking areas, truckways, and landscaped areas. The lessor, who is not a party to this case, had the duty to provide maintenance of the common areas.

At first blush, the holding in *Simpson* appears to require judgment in favor of appellee; however, upon a closer reading, this court concludes that it does not. In the present case, evidence was submitted to the jury that appellee had assumed the duty to provide security in the area of the parking lot immediately in front of the store where the attack upon appellant occurred. In fact, the jury was instructed that they could find appellee liable if they found that appellee had assumed the duty to provide security. Although the facts of the present case show that appellee did not have "possession and control" of the parking lot, this court finds, as it did originally, that there was evidence before the jury from which they could have concluded that appellee had assumed the duty to provide security in the parking lot. This court does not read the *Simpson* case to foreclose the possibility that one not in possession and control of a premises could nevertheless assume a duty with regard to that property. Because of the facts of *Simpson,* and the clear duty set forth in the lease that obligated the landlord to provide security, the issue of assumption of a duty as a basis for liability was not presented to, or decided by, the court. Therefore, this court concludes that the trial court erred in granting judgment in favor of appellee on the basis that the Supreme Court's holding in *Simpson* mandated such a ruling.

Appellant's first assignment of error is sustained and the second and third assignments of error are thereby rendered moot.

Based on the foregoing, the judgment of the Franklin County Court of Common Pleas is reversed and this matter is remanded to the trial court, and the trial court is instructed to proceed with a hearing on the issue of damages consistent with this opinion and with this court's prior opinion in the same case.

*Judgment reversed*
*and cause remanded.*

BOWMAN and PEGGY BRYANT, JJ., concur.