BRUNNER, J., dissenting.
 

 {¶ 33} I respectfully dissent from the opinion of the majority, because in my view reliance on
 
 Simpson v. Big Bear Stores Co.
 
 ,
 
 73 Ohio St.3d 130
 
 ,
 
 652 N.E.2d 702
 
 (1995), does not sufficiently square with the facts presented. The subsequent appellate cases citing
 
 Simpson
 
 , whether they follow or distinguish
 
 Simpson
 
 , thus far have largely applied
 
 Simpson
 
 in connection with criminal assaults of patrons on commercial property-not close enough to the facts in Payne's situation of falling off a stage. Moreover, the focus on control and by whom-VV Venue, LLC ("VV Venue"), Ohio Performance Academy, Inc. ("OPA"), or Columbus Dance Theater ("CDT")-is for the most part under
 
 Simpson
 
 subject to an analysis on whether the specific property on which the mishap occurred was a common area among multiple lessees or possessors of property involving adjacency and not subleasing. Much of the application or distinguishing of
 
 Simpson
 
 by other Ohio appellate courts centers on
 
 which
 
 part of the property was leased, such as a parking lot or common area. While the lobby of the Northland Performing Arts Center ("NPAC"), generally a common area, was rented to CDT, Payne's injury did not occur in the lobby, but on the stage, a part of the premises integral to VV Venue's rental of the NPAC to OPA and OPA's subsequent rental to CDT.
 

 {¶ 34} The Seventh District Court of Appeals in 2015 pointed out in
 
 Grant v. Spann
 
 , 7th Dist. No. 13 MA 2,
 
 2015-Ohio-831
 
 ,
 
 2015 WL 1019204
 
 , ¶ 14, that in
 
 Simpson
 
 :
 

 In finding that Big Bear Stores was not liable, the [Ohio Supreme] Court highlighted the fact that the incident occurred on adjacent property, not on property owned by Big Bear Stores.
 

 Id.
 

 [at 134,
 
 652 N.E.2d 702
 
 .] Clearly, this case is silent as to any duty between co-owners of property and is inapplicable to the question at hand.
 

 The Eighth District Court of Appeals has also narrowed
 
 Simpson's
 
 application in noting that "the court determined in its syllabus that a business owner has a duty to warn or protect its business invitees from
 
 criminal acts of third parties
 
 when the business owner knows or should know that there is a substantial risk of harm to its invitees on the premises in the possession and control of the business owner. The duty does not extend to premises not in the possession and control of the business owner." (Emphasis added.)
 
 Doe v. Beach House Dev. Co.
 
 ,
 
 136 Ohio App.3d 573
 
 ,
 
 737 N.E.2d 141
 
 (8th Dist.2000).
 

 {¶ 35} The majority states in citing
 
 Krause v. Spartan Stores, Inc.
 
 ,
 
 158 Ohio App.3d 304
 
 ,
 
 2004-Ohio-4365
 
 ,
 
 815 N.E.2d 696
 
 , ¶ 12 (6th Dist.), that there is no record or evidence that the landlord (VV Venue and OPA) ever actually exercised the right to admit or exclude persons from the premises in determining the question of possession and control in affirming the summary judgment of the trial court. But that is not the issue to be analyzed first, according to
 
 Krause
 
 :
 

 We shall
 
 first examine the lease between the appellees
 
 to determine whether R & D had the power and the right to admit or exclude people from the premises. The lease, of course, is a contract between the parties.
 
 If terms in a contract are clear and unambiguous, interpretation is a question of law for the court.
 

 Alexander [v. Buckeye] Pipe Line Co.
 
 (1978),
 
 53 Ohio St. 2d 241
 
 , 246,
 
 374 N.E.2d 146
 
 , paragraph one of the syllabus.
 
 Where the language is ambiguous, however, a question of fact for the jury exists.
 

 Amstutz v. The Prudential Ins. Co. of Am.
 
 (1940),
 
 136 Ohio St. 404
 
 , 408,
 
 26 N.E.2d 454
 
 .
 

 (Emphasis added.)
 
 Krause
 
 at ¶ 12.
 

 {¶ 36} It appears that the majority and I diverge on the question of the clarity of the contract language of "Standard Stage Layout (No Runway)" between OPA and CDT and whether that language can or should be taken to have included glow tape. (Rental Agreement at 1.) But according to
 
 Krause
 
 , this very question may need more factual development. If glow tape is "standard," then the business of VV Venue and Vaud-Villities Productions, Inc. in ownership of the NPAC to provide a venue for stage shows, performances and events, and OPA's long-term lease with VV Venue and its role in renting out space for performances and other events suggest similar missions. And CDT's rental of the Black Box Theater, green room, and lobby for the April 12, 2014 show was also not dissimilar to the basic purpose of use of the venue by all parties involved. Whether a duty can be ascribed to or was undertaken by any of them, thus also may be a factual determination.
 

 {¶ 37} The majority recognizes our decision in which we have previously distinguished
 
 Simpson
 
 to uphold a jury verdict finding landowner liability when the verdict was reached before the release of
 
 Simpson
 
 but the appeal was decided after. This Court emphasized
 
 Simpson's
 
 core ruling to be as set forth in its syllabus:
 

 Without reiterating all of the facts in this case, this court finds that this case is distinguishable from
 
 Simpson
 
 , and further finds that
 
 Simpson
 
 does not foreclose the verdict originally rendered in this case. In
 
 Simpson
 
 , the Ohio Supreme Court held as follows:
 

 "A business owner has a duty to warn or protect its business invitees from criminal acts of third parties when the business owner knows or should know that there is a substantial risk of harm to its invitees on the premises in the possession and control of the business owner. The duty does not extend to premises not in the possession and control of the business owner."
 
 73 Ohio St. 3d at 130
 
 [
 
 652 N.E.2d 702
 
 ].
 

 In
 
 Simpson
 
 , the plaintiff was attacked and robbed while walking to her car on the west side of the Big Bear store. Pursuant to the lease between Big Bear and Graceland Shoppers Limited Partnership ("Graceland"), the common areas, including the sidewalks and parking areas, were for the joint use of all tenants, their customers, and their employees. The limited right was one of common use and not control.
 
 Furthermore, the lease specifically assigned responsibility for maintenance of the common areas to Graceland and expressly included security as a component of that maintenance.
 

 In the present case, appellant was beaten and robbed in the parking lot in front of appellee's store on Brice Road. Pursuant to the lease, appellee had a nonexclusive right in common with the other tenants to use the parking area and facilities, including, but not limited to, driveways, entrances and exits thereto, employee parking areas, truckways, and landscaped areas. The lessor, who is not a party to this case, had the duty to provide maintenance of the common areas.
 

 At first blush, the holding in
 
 Simpson
 
 appears to require judgment in favor of appellee; however, upon a closer reading, this court concludes that it does not.
 
 In the present case, evidence was submitted to the jury that appellee had assumed the duty to provide security in the area of the parking lot immediately in front of the store where the attack upon appellant occurred. In fact, the jury was instructed that they could find appellee liable if they found that appellee had assumed the duty to provide security.
 
 Although the facts of the present case show that appellee did not have "possession and control" of the parking lot, this court finds, as it did originally that there was evidence before the jury from which they could have concluded that appellee had assumed the duty to provide security in the parking lot.
 
 This court does not read the Simpson case to foreclose the possibility that one, not in possession and control of a premises, could nevertheless assume a duty with regard to that property.
 
 Because of the facts of
 
 Simpson
 
 , and the clear duty set forth in the lease that obligated the landlord to provide security, the issue of assumption of a duty as a basis for liability was not presented to, or decided by, the court. As such, this court concludes that the trial court erred in granting judgment in favor of appellee on the basis that the Supreme Court's holding in
 
 Simpson
 
 mandated such a ruling.
 

 (Emphasis added.)
 
 Doe v. Cub Foods
 
 ,
 
 115 Ohio App.3d 473
 
 , 475-76,
 
 685 N.E.2d 806
 
 (10th Dist.1996). Because summary judgment is based on entitlement as a matter of law, we should apply the
 
 Cub Foods
 
 decision even when it has not been specifically raised by the parties or considered by the trial court, since we stand in the trial court's shoes in a de novo review. (" ' "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." ' "
 
 Johnston v. State
 
 , 10th Dist. No.,
 
 2016-Ohio-4761
 
 ,
 
 69 N.E.3d 5
 
 , ¶ 7, quoting
 
 Helfrich v. Allstate Ins. Co.
 
 , 10th Dist. No. 12AP-559,
 
 2013-Ohio-4335
 
 ,
 
 2013 WL 5450931
 
 , ¶ 7, quoting
 
 Mergenthal v. Star Banc Corp.
 
 ,
 
 122 Ohio App.3d 100
 
 , 103,
 
 701 N.E.2d 383
 
 (12th Dist.1997).) And this we should do with consistency.
 

 {¶ 38} By applying
 
 Simpson
 
 without overruling
 
 Cub Foods
 
 , the majority's analysis has imposed an inapposite factual analysis of landowner and landlord duty based on exercise and control without taking the "open and obvious" bull by the horns and grappling with the legal conclusion of whether the missing glow tape was or was not "open and obvious." If found to be such as a matter of law, the duty of VV Venue and OPA could be obviated (if found to be open and obvious) without applying
 
 Simpson
 
 and determining duty on questions of control and whether or not it was exercised by a land owner or a landlord.
 

 {¶ 39} In my view, we must at least consider the "open and obvious" issue, and perhaps the trial court should have had before it more evidence on which to base a legal decision. "At least with respect to common law duties, '[w]here a danger is open and obvious, a landowner owes no
 duty of care to individuals lawfully on the premises.'
 
 Armstrong v. Best Buy Co.
 
 ,
 
 99 Ohio St.3d 79
 
 ,
 
 2003-Ohio-2573
 
 ,
 
 788 N.E.2d 1088
 
 , syllabus."
 
 Walker v. Hartford on the Lake, L.L.C.
 
 , 10th Dist.,
 
 2016-Ohio-7792
 
 ,
 
 73 N.E.3d 1131
 
 , ¶ 31. I would not sidestep the question of whether the absence of glow tape on the edge of a dark stage that would ordinarily be an open and obvious danger-the dark-could create, as a matter of law, the opposite effect for a seasoned stage performer such as Payne-a danger that is not open and obvious.
 

 {¶ 40} Because " 'the fact that a question of law involves a consideration of the facts or the evidence does not turn it into a question of fact.' "
 
 Martin v. Lambert
 
 , 4th Dist.,
 
 2014-Ohio-715
 
 ,
 
 8 N.E.3d 1024
 
 , ¶ 17, quoting
 
 O'Day v. Webb
 
 ,
 
 29 Ohio St.2d 215
 
 , 219,
 
 280 N.E.2d 896
 
 (1972). I can understand that the majority may wish to avoid the pitfalls of analyzing the open and obvious issue under a somewhat convoluted analysis in considering the existence of a legal duty. But even if we determined that, as a matter of law, glow tape should have been provided (and I do not believe enough facts have been adduced to make the determination), we would still have the opportunity to apply
 
 Simpson
 
 as between VV Venue and OPA and according to the terms of the contract between OPA and CDT.
 

 {¶ 41} In short, to focus on whether or not the parties relieved by the trial court of liability engaged in substantial exercise of power to admit and exclude people so as to be relieved of duty is an unnecessary or at least premature analysis at this point. Applied at this juncture, it stretches the application of
 
 Simpson
 
 beyond its original purpose and meaning. And if we intend to overrule
 
 Cub Foods
 
 , we should do so, leaving no room for confusion.
 

 {¶ 42} The Second District Court of Appeals, in relying on and extensively discussing this Court's holding and distinguishing of the application of
 
 Simpson
 
 in our
 
 Cub Foods
 
 decision, stated "[w]e could disagree with the result in
 
 Cub Foods
 
 , but we see no reason to quarrel with the conclusions of the Tenth District. We agree that a landowner can voluntarily assume a duty to provide security in areas where the landowner has no contractual obligation."
 
 McManes v. Kor Group
 
 , 2d Dist. No. 19550,
 
 2003-Ohio-1763
 
 ,
 
 2003 WL 1795575
 
 , ¶ 32.
 

 {¶ 43} Even adopting the holding of the Fourth District Court of Appeals as applied to VV Venue that "a landowner who has neither possession nor control of premises is ordinarily not liable for damages resulting from the condition of the premises," it is difficult to envision a scenario whereby OPA would be eliminated from the suit on summary judgment under the facts of the instant case. (Citations omitted.)
 
 Martin
 
 at ¶ 20.
 

 {¶ 44} In
 
 Martin
 
 , the Fourth District stated that a landowner's tenant (in this case his son) "owed a duty to Martin and bears liability for any negligence arising from an alleged hazardous condition that the son [tenant] created."
 
 Id.
 
 at ¶ 30. Here, there is a factual question as to whether the lack of glow tape was a condition created by VV Venue, OPA, and/or CDT. This is a question that should be placed before a jury, and this conclusion is supported by the paucity of evidence in the record relied on for summary judgment. Rather than to cite
 
 Krause
 
 as a basis to award freedom from liability for this dearth of evidence, my view is that the better course is to allow a factfinder to make a determination on evidence that will be available at a later juncture of the matter returned to the trial court. Moreover, it may be necessary to know from expert testimony or at least from an informed fact witness that glow tape is a "standard" piece of stage equipment
 that should or should not have been supplied and applied to the stage under the terms of the contract between OPA and CDT. This is not clear from the record, and the question is material enough to preclude summary judgment for both VV Venue and OPA, even with CDT dismissed from the suit at this juncture.
 

 {¶ 45} Accordingly, I would sustain Payne's second assignment of error, finding the first assignment of error moot for now. I would order the trial court to order the presentation of more evidence to determine the existence of a duty under the "open and obvious" analysis as concerns the first assignment of error. I would instruct the trial court to order the parties to engage in such factual development to enable it to decide the open and obvious question as a matter of law as is contemplated by the dual applications of
 
 Krause
 
 and
 
 Walker.
 
 For these reasons, I respectfully dissent from the decision of the majority.